UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MEGAN E. MCKENZIE,

          Plaintiff,

v.

CAROLYN COLVIN, Acting
Commissioner of Social Security,

          Defendant.

CASE NO. C13-5310 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

      This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 20), and Plaintiff Megan E. McKenzie's ("McKenzie") objections to the R&R (Dkt. 21).

      On March 20, 2014, Judge Strombom issued an R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") decision which concluded that McKenzie was not disabled and denied social security benefits. Dkt. 20. On March 31, 2014, McKenzie filed objections to the R&R. Dkt. 21. On April 4, 2014, the Commissioner filed a reply to the objections. Dkt. 22.

      The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

1  modify the recommended disposition; receive further evidence; or return the matter to the
2  magistrate judge with instructions.  Fed. R. Civ. P 72(b)(3).
3      McKenzie objects to the R&R on two bases: (1) Judge Strombom erred in finding
4  that the ALJ was not required to assess any limitations related to the "excessive daytime
5  somnolence and loss of consciousness" identified by treating physician Dr. Richard
6  Redmond, M.D. ("Dr. Redmond"), which resulted in an incomplete residual functional
7  capacity ("RFC") assessment (Dkt. 21 at 1-4); and (2) Judge Strombom erred in holding
8  that the inconsistencies identified by the ALJ regarding McKenzie's ability to focus were
9  legally insufficient to discount examining psychologist Dr. Kathyrn Wheeler, Ph.D.'s
10 ("Dr. Wheeler") opinion (*id.* at 4-5).
11     The record indicates that Dr. Redmond saw McKenzie three times between March
12 and July 2010 for "symptoms of excessive daytime somnolence and possible narcolepsy."
13 Tr. 267-72 and 913. In April 2010, as the Commissioner correctly observes, Dr. Redman
14 stated that there was no evidence of narcolepsy and McKenzie's insomnia had resolved.
15 Dkt. 22 at 2 (*citing* Tr. 269-72 and 913).  As Judge Strombom found, Dr. Redman
16 assessed McKenzie with *no limitations*, a point McKenzie concedes, even as she argues
17 that the ALJ failed to include limitations assessed by Dr. Redman. *See* Dkt. 20 at 6 and
18 21 at 2; Tr. 267-72 and 913.
19     McKenzie also attempts to challenge the R&R by arguing that her sleep problems
20 returned after her dog died in October 2010. Dkt. 21 at 3.  To support her claim that her
21 sleep issues returned and persisted and that the ALJ failed to account for the persistence
22

of those issues, McKenzie argues that she testified and made statements to treatment providers about the return of her nightmares and sleep problems. Dkt. 21 at 3.

On this issue, the Court concurs with the Commissioner's legal argument. Dkt. 22 at 3. The Commissioner succinctly analyzed the issue as follows:

> …the ALJ found Plaintiff's statements not entirely credible—a finding McKenzie did not challenge—and the ALJ's assessment of McKenzies RFC is consistent with medical opinions, which were entitled to more weight than McKenzie's statements (Tr. 23, Finding 5, 24, 629, 670). *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-63 (9th Cir. 2008) (ALJ may favor medical evidence over claimant's conflicting testimony). In addition, no medical source[, including Dr. Redmond,] assessed Plaintiff with any specific sleep-related limitations that the ALJ failed to include in the residual functional capacity assessment. In this circumstance, Plaintiff can show no prejudice. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (claimant could not show prejudice without pointing to erroneously disregarded evidence showing greater limitations than ALJ assessed).

Dkt. 22 at 3. Based on the foregoing, the Court adopts Judge Strombom's R&R finding that the ALJ properly assessed and credited the Dr. Redmond's opinion.

McKenzie also objects to the R&R arguing that Judge Strombom erred in holding that the inconsistencies identified by the ALJ regarding McKenzie's ability to focus were legally insufficient to discount examining psychologist Dr. Kathyrn Wheeler, Ph.D.'s ("Dr. Wheeler") opinion. Dkt. 21 at 4-5. Judge Strombom properly concluded that the ALJ discounted Dr. Wheeler's opinion regarding her ability to focus on the basis that Dr. Wheeler's "specific opinion regarding plaintiff's marked limitations in the ability to focus was contradicted" by Dr. Lorraine Barton-Hass, M.D., McKenzie's treating psychiatrist, who opinioned that she had "good concentration function." Dkt. 20 at 9 (citing Tr. 320). The ALJ only needed to provide specific and legitimate reasons to

1  discount that Dr. Wheeler's opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.

2  1996).  The Court adopts the R&R on this basis.

3       The Court having considered the R&R, Plaintiff's objections, and the remaining

4  record, does hereby find and order as follows:

5       (1)    The R&R is **ADOPTED**; and

6       (2)    This action is **DISMISSED**.

7       Dated this 8th day of May, 2014.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge